967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joan Francine CLAMPITT, Defendant-Appellant.
 No. 91-30309.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.
Decided June 5, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 Joan Clampitt appeals from the district court's upward departure to a sentence two levels above that dictated by the Sentencing Guidelines. We vacate the sentence and remand for resentencing.
 
 DISCUSSION
 
 2
 We require district courts to follow three steps before departing from the Sentencing Guidelines. First, the district court must determine whether there existed an "aggravating circumstance of a kind or to a degree the Commission did not adequately take into account when formulating the Guidelines." United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). If the Commission did not adequately consider the circumstance, the district court had legal authority to depart "so long as the circumstance is consistent with the sentencing factors prescribed by Congress in 18 U.S.C. § 3553(a), with the Guidelines, and, of course, with the Constitution." Id. This court reviews the district court's legal authority to depart de novo. Id.
 
 
 3
 Second, the district court must find facts supporting the existence of the circumstance. Id. at 746-47. This court reviews those factual findings for clear error. Id. at 747; 18 U.S.C. § 3742(e). Third, the district court may depart only to a "reasonable" extent. See Lira-Barraza, 941 F.2d at 747-51; 18 U.S.C. §§ 3742(e)(3), 3742(f)(2). Specifically, the district court must provide "a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 751; see also United States v. Durham, 941 F.2d 858, 861-62 (9th Cir.1991). This court reviews the "reasonableness" of the district court's departure for an abuse of discretion. United States v. Takai, 941 F.2d 738, 742 (9th Cir.1991).
 
 Reasonableness[1]
 
 4
 The district court failed to provide any explanation for the extent of its departure from level sixteen to level eighteen.[2] We are unable, as a result, to determine whether the extent of the departure is reasonable. The district court must give an explanation supported by unambiguous references to the "structure, standards and policies" of the Sentencing Reform Act and the Sentencing Guidelines. We vacate the sentence and remand for resentencing.
 
 Legal Bases for Departure
 
 5
 To facilitate the district court's resentencing, we consider Clampitt's argument that the district court relied on improper grounds for upward departure. The district court found authority for its departure in the policy statements contained in U.S.S.G. sections 5K2.1, 5K2.2, and 5K2.14. Section 5K2.1 does not provide authority to depart in this case because the Commission took Clampitt's recklessness and drunk driving into account in section 2A1.4. In fact, the commentary requires that an involuntary manslaughter caused by drunk driving should ordinarily be treated as "reckless" and a base offense level of fourteen used, as it was in this case. U.S.S.G. § 2A1.4, comment 1. In addition, Montana's negligent vehicular assault statute includes drunk driving as an element in the offense. Mont.Code Ann. § 45-5-205. The multiple deaths caused by Clampitt's offense were taken into account both by the three separate counts of involuntary manslaughter to which Clampitt pled guilty and by the greater sentence required by the offense grouping procedure contained in sections 3D1.1 through 3D1.5.
 
 
 6
 Section 5K2.2 does provide the district court with authority to depart. Clampitt argues that Montana's vehicular assault statute has "bodily injury" as one of its elements. Mont.Code Ann. § 45-5-205. Neither the statute nor section 2A2.3, however, contemplates the severity of the bodily injury suffered by the victim of the vehicular assault. Compare U.S.S.G. § 2A2.2 (requiring enhanced sentences based on the severity of the injuries resulting from assault). Section 5K2.2 permitted the district court to consider the significance of Marguerite Miller's injuries and to depart accordingly.
 
 
 7
 Section 5K2.14 also provides the district court with authority to depart. Clampitt's twelve-mile drive with a .252 blood-alcohol content undoubtedly created a serious danger to the public welfare. Clampitt argues that the "recklessness" or "gross negligence" element of involuntary manslaughter subsumes the threat she posed to the public welfare. We disagree. Recklessness causing the death of another does not necessarily pose a threat to the public welfare in every case. Unfortunately, Clampitt chose to take her recklessness on the road.[3]
 
 Rule 32
 
 8
 Clampitt argues that the district court failed to resolve factual disputes in the presentence report as required by Fed.R.Crim.P. 32. Specifically, Clampitt argues that the district court did not make a finding on whether Marguerite Miller was contributorily negligent in the accident or on whether Clampitt was entitled to a downward departure under section 5H1.6 because of her family ties and responsibilities. These are matters that Clampitt is free to raise in her resentencing; we need not rule on these issues here.
 
 
 9
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The government argues that Clampitt is foreclosed from raising the issues she has presented in this appeal because she raised the same arguments in a previous appeal of her sentence and we decided the appeal on other grounds. See United States v. Clampitt, No. 90-30335 (9th Cir. May 8, 1991). This argument is frivolous. We expressed no opinion on the merits of Clampitt's arguments in our earlier disposition. Our decision to choose a narrow ground upon which to reverse the district court's sentence has no effect on Clampitt's right to reassert those arguments we did not address
 
 
 [2]
 The government also failed to discuss "reasonableness" in its brief on appeal
 
 
 [3]
 The Supreme Court decided in Williams v. United States, 112 S.Ct. 1112 (1992), that remand is not required every time a district court uses an inappropriate ground for departure: "a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." Id. at 1120. Since we will vacate the sentence and remand on other grounds, we need not consider how the district court would have acted had it not relied improperly on section 5K2.1